130 Livingston Street  
Brooklyn, NY 11201

Carmen Bianco  
President



**MTA New York City Transit**

(718) 694-3686

May 8, 2015

***Via Electronic Case Filing***
Honorable Eric N. Vitaliano
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Burke v. New York City Transit Authority</u>
          Docket No. 15 CV 1481 (ENV)(LB)

Dear Judge Vitaliano:

  This office represents defendant New York City Transit Authority ("NYCT") in the above referenced action. This letter is submitted pursuant to Your Honor's Individual Rules to respectfully request: (i) a pre-motion conference prior to defendant's motion to dismiss; and (ii) approval of a proposed briefing schedule.

  Plaintiff commenced this action alleging violations of a litany of statutes, including the PATRIOT Act, the National Transit Systems Security Act, 6 U.S.C. § 1142 ("NTSSA"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), the Labor-Management Relations Act, 29 U.S.C. § 185 ("LMRA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA"), Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12111-213 ("ADA"), the First Amendment to the United States Constitution, 42 U.S.C. §§ 1981 and 1983, the New York State Constitution, New York Penal Law, New York Civil Service Law, various State common laws, and the New York City Human Rights Law.

  Although plaintiff alleges violations of over a dozen different statutes and other laws, it can be gleaned from the complaint that his claim stems from the same operative set of facts. Plaintiff alleges that on April 14 and 15, 2014, his civil rights were violated by a conspiracy orchestrated by an attorney and a Director for Labor Relations for NYCT, and other unnamed parties. See Complaint at 4.

  At the outset, plaintiff's complaint is barred by the election of remedies. On February 4, 2015, Plaintiff filed a similar complaint with the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), alleging retaliatory employment practices in violation of the NTSSA. Plaintiff's complaint with OSHA bars his claims here. 6 U.S.C. § 1142(e).

Honorable Eric N. Vitaliano
United States District Judge
May 8, 2015
Page 2 of 2

Next, plaintiff's complaint is barred on Iqbal/Twombly grounds as it does not contain any factual allegations to support its conclusory claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (pleading standard *Rule 8* announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation).

Any claims under the PATRIOT ACT and New York State Penal Law § 460 are also barred because neither statute authorizes a private-right-of-action. Aiken v. Interglobal Mergers, 2006 U.S. Dist. Lexis 45730 at *4-5 (S.D.N.Y. July 5, 2006) (no private-right-of-action under PATRIOT Act); NYPL § 460.60 (enforcement of NYPL § 460 by District Attorney).

Plaintiff's LMRA claims are similarly barred since the LMRA does not apply to NYCT. Smith v. United Federation of Teachers, 1998 U.S. App. Lexis 22357 at *3 (2d Cir. Mr. 26, 1998) (a "political subdivision" of the State of New York not subject to LMRA).

The remainder of plaintiff's state law claims are barred because plaintiff, among other things, did not appear for a statutory hearing. Public Authorities Law § 1212(2); Vigna v. County of Westchester, 160 A.D.2d 564, 564-5 (1st Dep't 1990) (complaint dismissed when served before statutory hearing held).

The parties discussed a proposed briefing schedule for defendant's motion to dismiss and propose the following schedule:

> June 5, 2015 – defendant's motion to dismiss
> July 20, 2015 – plaintiff's opposition
> August 3, 2015 – defendant's reply

Based on the foregoing, defendant respectfully requests a pre-motion conference or that the Court approve the proposed briefing schedule.

Thank you for your consideration of this request.

Respectfully submitted,

Daniel Chiu

cc:   Brian Burke, *pro se* (via First-Class Mail)