15 CV 1481 (ENV)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN BURKE,

                                Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

                                Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

*JAMES B. HENLY*
*Vice-President and General Counsel*
*New York City Transit Authority*
*Attorney for Defendant*
*130 Livingston Street, Room 1209*
*Brooklyn, New York 11201*

*Of Counsel:*
        *Daniel Chiu*

*Tel: 718-694-3686*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
------------------------------------------------------------------- x
BRIAN BURKE,

                                                          Plaintiff,    Docket No. 15 CV 1481
                                                                          (ENV)(LB)

                    -against-

NEW YORK CITY TRANSIT AUTHORITY,

                                                          Defendant.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

      Plaintiff opposes defendant New York City Transit Authority's ("NYCT") motion by arguing it is moot because he amended his complaint. Plaintiff's amended complaint, however, suffers from the same defects as his original pleading; principally, it is replete with vague and conclusory allegations that lack any causal link to a discriminatory or retaliatory animus. Nor does the Amended Complaint allege that plaintiff suffered an adverse employment action. As a result, the Amended Complaint should be dismissed.

1

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT DOES NOT CURE THE ORIGINAL COMPLAINT'S DEFECTS.

A.  Title VII, ADA, ADEA, 42 U.S.C. § 1981, and New York City Administrative Code § 8-603 Claims.

Plaintiff argues that defendant's motion to dismiss should be denied because he amended his complaint, mooting defendant's motion. See Pl. Opp. at 4-7. Plaintiff is incorrect. Simply amending a pleading does not automatically render a motion to dismiss moot. Rather, a motion to dismiss can be considered in light of the amended pleading. See Schwartzco Enterprises, LLC v. TMH Mgmt., LLC, 60 F.Supp.3d 331, 338 (E.D.N.Y. Nov. 17, 2014). Here, defendant's motion is not moot because the arguments for dismissing plaintiff's original pleading are also applicable to the amended pleading.

The only material changes in the amended complaint pertaining to NYCT are: (i) the deletion of the National Transit Systems Security Act ("NTSSA") claim; (ii) altering the purported reason plaintiff filed his OSHA complaint (compare Complaint at 6-7 alleging OSHA complaint was filed for "retaliation and intentionally unsafe/criminal conduct" and Amended Complaint at 38 alleging it was because plaintiff was "owed 60% sick pay"); (iii) the addition of Kristen Nolan, an attorney for NYCT, and Leonard Akselrod, a Director for Labor Relations, as individual defendants; and (iv) the addition of allegations that were previously raised and dismissed in prior administrative proceedings (Amended Complaint, ¶¶ 3-43).

None of plaintiff's allegations in the Amended Complaint sufficiently state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.") As a result, the Amended Compliant suffers from the same defects as the original pleading and should be dismissed.

Plaintiff largely catalogs a random collection of gripes without alleging any causal connection to a discriminatory or retaliatory motive. See e.g., Amended Complaint, ¶ 48 (an unknown TSS "proceeded to harass, threaten with false write-ups and otherwise evidence extreme hostility and intimidation"); Amended Complaint, ¶ 49 ("a second unknown TSS entered operating cab and performed slightly greater harassment and unsafe activity"); Amended Complaint ¶ 51 ("three TSSs serially entered cab . . . and proceeded to assault, threaten, intimidate and harass the whistleblower until a panic attack occurred at the end of the day"). These allegations can be disregarded by the Court. Iqbal, 556 U.S. at 678 (Courts do not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action"); see also Henry v. NYC Health & Hospital Corp., 18 F.Supp. 3d 396, 410 (dismissing gender discrimination claim because, *inter alia*, the plaintiff's "allegations of gender-based disparate treatment [were] conclusory").

The next collection of allegations can be characterized as having a factual basis but consist largely of random grievances with no causal link to a discriminatory or retaliatory motive. This group of allegations includes: the purported denial of pay when plaintiff left with a NYCT radio and was ordered to return it (Amended Complaint, ¶ 17), told he could not use a microwave, toaster, or refrigerator (Amended Complaint, ¶¶ 21-23); could not drink from NYCT cups (Amended Complaint, ¶¶ 27-28); and subjected to a derogatory comment about having a yeast discharge on his face (Amended Complaint, ¶ 29). These allegations also fail to demonstrate a plausible claim for discrimination or retaliation because plaintiff presents no allegations to demonstrate that the complained of acts were motivated by a discriminatory or

retaliatory animus. Mesias v. Cravath, Swaine & Moore LLP, 2015 U.S. Dist. Lexis 58462 *13-14 (S.D.N.Y. May 4, 2015) (complaint dismissed where plaintiff did not sufficiently allege connection between discriminatory comments and her termination).

Plaintiff's disability discrimination claim against Ms. Nolan is further implausible based on plaintiff's allegation that Ms. Nolan first learned of plaintiff's disability in 2008. See Amended Complaint, ¶ 5. Plaintiff then alleges that Ms. Nolan began her harassment campaign six years later, in 2014, when she purportedly ordered six TSSs to threaten and harass plaintiff. See Amended Complaint, ¶ 50. The significant gulf in time between Ms. Nolan learning that plaintiff required prescription eyeglasses and the alleged discriminatory acts in 2014 casts substantial doubt on the claim that she was motivated by discriminatory animus. See Thompson v. City of New York, 2007 U.S. Dist. Lexis 87457 *17 (S.D.N.Y. Nov. 21, 2007), adopted and summary judgment granted, 2008 U.S. Dist. LEXIS 7488 (S.D.N.Y., Jan. 29, 2008), aff'd, 348 Fed. Appx. 643 (2d Cir. 2009) (inference of retaliation tenuous when even two months have elapsed between the protected activity and alleged adverse action).

In essence, plaintiff is alleging that because something he dislikes happened to him, it must be because he is a 53 year-old White-Male, Irish-Catholic, who wears prescription eyeglasses. This false syllogism is insufficient to state a claim. Ochei v. The Mary Manning Walsh Nursing Home Co., 2011 U.S. Dist. Lexis 20542, at *6 (S.D.N.Y. Mar. 1, 2011) (finding that the plaintiff's pleading amounted to "I am (fill in the protected class of which the plaintiff is a member; something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)," and that this "false syllogism . . . does not support any inference of discrimination.").

4

The only allegation that can arguably be considered religious discrimination is the one where plaintiff claims that on February 13, 2013 ATD Odums purportedly compared plaintiff to a Hindu woman and stated that Catholics violate same-sex rights. See Amended Complaint, ¶ 26. However, this allegation is insufficient to create a plausible claim of religious discrimination or a hostile work environment claim. Petyan v. New York City Law Dep't., 2015 U.S. Dist. Lexis 88188 *10 (S.D.N.Y. July 2, 2015) (two isolated statements about Israel insufficient to demonstrate animosity towards Israelis or a hostile work environment); Massie, 2015 U.S. Dist. Lexis 80666 at *12 (allegation plaintiff called a "fucking stupid black bastard" and "real black bastard child" insufficient to create hostile work environment); Brodt v. City of New York, 4 F.Supp.3d 562, 568-70 (S.D.N.Y. 2014) (complaint dismissed containing allegations that plaintiff was terminated because of his religion where plaintiff alleged his supervisor constantly touched and rubbed his yarmulke, mocked the number of children he had, and told plaintiff when he went to daily prayer to not "forget to pray for [him] also").

Moreover, the Amended Complaint does not contain any allegations that plaintiff suffered an adverse employment action. Plaintiff remains an employee of NYCT and asserts that he was paid the sick pay he was purportedly owed. See Amended Complaint, ¶¶ 58 and 73. As a result, plaintiff has not alleged that he suffered an adverse employment action and the Amended Complaint should be dismissed. Raeburn v. Dep't of Housing Pres. and Dev., 2015 .S. Dist. Lexis 82751 * 29 (E.D.N.Y. June 24, 2015) citing Chung v. City Univ. of New York, 605 Fed. Appx. 20 (2d Cir. Mar. 31, 2015) (summary order) (Title VII discrimination claims which fail to plausibly allege that the plaintiff suffered an adverse employment action are subject to dismissal upon a motion to dismiss); Lopez v. Guardian Serv. Indus. Inc., 2012 U.S. Dist. Lexis 18523, at *13 n.4 (S.D.N.Y. Feb. 10, 2012) ("Courts have consistently held that paycheck delays

5

do not constitute an 'adverse employment action' for purposes of making a prima facie employment discrimination or retaliation claim."); Fridia v. Henderson, 2000 U.S. Dist. LEXIS 17295 (S.D.N.Y. Nov. 29, 2000) (allegations of excessive work, denials of requests for leave with pay and general mistreatment without more do not amount to adverse employment actions).

Further evidence that the Amended Complaint should be dismissed is plaintiff's admission that ATD Odums and Kristen Nolan were not motivated by discriminatory animus, as plaintiff's action "is primarily a retaliation case." See Amended Complaint, ¶ 76. Plaintiff, however, states no facts to plausibly state a retaliation claim. The only protected activities plaintiff alleges are an EEO and EEOC complaints in 2008 (Amended Complaint, ¶ 4), and writing to the EEOC in 2011 (Amended Complaint, ¶¶ 7 and 11). The next complained of act, however, took place in December 2012, or at least one year later, when plaintiff claims he was not paid when he took a NYCT radio and was ordered to return it. See Amended Complaint, ¶ 17. The substantial lapse of time between the alleged protected activity and retaliatory act eliminates the possibility of a causal connection. Cunningham v. Consolidated Edison, Inc., 2006 U.S. Dist. Lexis 22482 *55 (S.D.N.Y. Mar. 28, 2006) quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S.Ct. 1508 (2001) (generally accepted in the Second Circuit that passage of two months between protected activity and adverse employment action is dividing line).

**B.     First Amendment Claim.**

The only allegation in the Amended Complaint concerning plaintiff's First Amendment claim is the assertion that ATD Odums blocked plaintiff "from talking to Local 100 Tower Operator." See Amended Complaint, ¶ 24. This is insufficient to state a First Amendment claim. Plaintiff makes no allegation that he engaged in protected conduct, suffered an adverse employment action, or that a causal connection exists between his protected conduct and adverse

6

employment action. Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004) (public employee bringing First Amendment freedom of association claim must persuade a court that the associational conduct at issue touches on a matter of public concern). Plaintiff's First Amendment claim should therefore be dismissed.

C.   **RICO Claim.**

Plaintiff argues that he stated a RICO claim because he cites to a 2004 newspaper article asserting "MTA infiltrated by the Mob." See Pl. Opp. at 13-14. Simply referencing a newspaper article about organized crime, however, is insufficient to state a RICO claim. Plaintiff fails to allege how any of the acts referenced in the newspaper article resulted in injury to plaintiff's business or property. Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 119 (2d Cir. 2013). Plaintiff's RICO claim should therefore be dismissed.

## POINT II

### ELECTION OF REMEDIES AND STATUTE OF LIMITATIONS.

Plaintiff's Title VII and New York City Human Rights Law ("NYCHRL") claims should also be dismissed because they are barred, in part, by the statute of limitations and election of remedies. The new allegations that should be dismissed are that plaintiff was purportedly denied pay in December 2012 when he was required to return a NYCT radio (Amended Complaint, ¶ 17), and harassed by Assistant Train Dispatcher Odums (Amended Complaint, ¶¶ 15-29), and Leonard Akselrod (Amended Complaint, ¶¶ 40 and 45). Each of those claims were previously raised and dismissed by the New York State Division of Human Rights on October 4, 2013. See Verified Complaint and Determination and Order After Investigation, dated October 4, 2013, annexed to Reply Declaration, dated August 3, 2015 ("Rply Dec."), as Exhibits B and C. The

7

EEOC issued a right-to-sue letter on those claims on December 11, 2013. See Right-to-Sue letter, dated December 11, 2013, Rply Dec., Exhibit A. Because plaintiff did not assert those claims until he filed the Amended Complaint on June 26, 2015, his new allegations pursuant to Title VII are barred by the statute of limitations. Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (lawsuit based on Title VII must be filed within 90 days of receipt of the Right to Sue Letter).

Plaintiff's NYCHRL claims are also barred under the election of remedies doctrine because his claims were dismissed by the New York State Division of Human Rights ("NYSDHR"). York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir. 2002) (terms of New York State Human Rights Law and NYCHRL precludes commencement of plenary action in another court once claim brought before the NYSDHR).

### POINT III

### PLAINTIFF IS REQUIRED TO APPEAR FOR A STATUTORY EXAMINATION PURSUANT TO PUBLIC AUTHORITIES LAW § 1212.

Plaintiff argues that his state and local law claims are not barred because the notice for a statutory examination was not served within ninety days of NYCT's receipt of plaintiff's notice of claim. See Pl. Opp. at 8-9. In support, plaintiff cites General Municipal Law § 50-h. See Pl. Opp. at 8. General Municipal Law § 50-h, however, is the notice of claim provision for the City of New York, not NYCT. The notice of claim provision for NYCT is Public Authorities Law ("PAL") § 1212. Under PAL § 1212(5), no time limitation exists for requesting a statutory examination. Hawkins v. New York City Transit Auth., 158 Misc.2d 576, 577 (Civil Court New York 1993). As a result, plaintiff's failure to appear for his statutory examination bars his state and local law claims. Vartanian v. City of New York, 48 A.D.3d 673, 674 (2nd Dep't 2008)

8

(compliance with PAL § 1212(5) is condition precedent to commencement of action against New York City Transit Authority); <u>Lo Guercio v. New York City Transit Auth.</u>, 31 A.D.2d 759, 760 (2nd Dep't 1969) (appearance for oral examination was statutory condition precedent to commencement of action).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court issue an order granting defendant's motion to dismiss and dismiss the Complaint in its entirety together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       August 3, 2015

                        JAMES B. HENLY
                        Vice-President and General Counsel
                        NEW YORK CITY TRANSIT AUTHORITY
                        Attorney for Defendant
                        130 Livingston Street, Room 1209
                        Brooklyn, New York 11201
                        718-694-3686

                 By: _____
                        Daniel Chiu

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On August 3, 2015, I served the annexed Reply Memorandum of Law in Further Support of Motion to Dismiss by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

    BRIAN BURKE, *pro se*
    145 East 23rd Street, Apt. 4R
    New York, New York 10010

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       August 3, 2015

                                          Daniel Chiu