Brooklyn, NY 11201                    President

 **New York City Transit**

(718) 694-3686

January 23, 2017

<u>***Via Electronic Case Filing***</u>
Honorable Eric N. Vitaliano
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     <u>Burke v. New York City Transit Authority, *et al.*</u>
        Docket No. 15 CV 1481 (ENV)(LB)

Dear Judge Vitaliano:

This office represents defendants New York City Transit Authority ("NYCT"), Kristen Nolan, and Leonard Akselrod (collectively, "Defendants") in the above referenced action. This letter is submitted to respectfully request the Court's approval of a proposed briefing schedule for Defendants' anticipated motion to dismiss.

In August 2015, Defendants moved to dismiss plaintiff's Amended Complaint. The Court dismissed the Amended Complaint in its entirety with leave for plaintiff to submit a second amended complaint with "respect to his discrimination and retaliation claims, excluding claims that are time-barred or that otherwise cannot be properly pleaded as outlined in [the Court's] Memorandum & Order." <u>See</u> Order, dated September 21, 2016, at 14-15, dkt. entry no. 28.

Plaintiff submitted a Second Amended Complaint on October 24, 2016 and, at the same time, filed an interlocutory appeal of the Court's September 21, 2016 Order dismissing his Amended Complaint. The United States Court of Appeals dismissed plaintiff's appeal, *sua sponte*, on January 12, 2017.

Defendants now intend to move to dismiss plaintiff's Second Amended Complaint as it contains the same defects contained in the Amended Complaint. The Second Amended Complaint fails to plausibly state that plaintiff suffered mistreatment that was motivated by a discriminatory or retaliatory reason. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (plaintiff required to provide grounds upon which claim rests through factual allegations sufficient to raise a right to relief above the speculative level).

Plaintiff's Second Amended Complaint is replete with self-serving conclusory statements that lack any factual foundation linking the claimed injury to discrimination or retaliation. In

58-03-6130 12/15

Honorable Eric N. Vitaliano
United States District Judge
January 23, 2017
Page 2 of 2

fact, plaintiff's pleading admits he has no evidence to support his discrimination claim against Kristen Nolan, the primary individual plaintiff accuses of wrongdoing.  Plaintiff alleges that he has "no evidence Ms. Nolan is inspired by hatred of Irish or Catholics or men over 40."  <u>See</u> Second Amended Complaint, ¶ 76.

On January 20, 2017, I attempted to contact plaintiff to establish a briefing schedule for Defendants anticipated motion but have not received a response to my message.  Defendants, however, propose the following briefing schedule:

> March 3, 2017 – defendants' motion to dismiss
> April 21, 2017 – plaintiff's opposition
> May 5, 2017 – defendants' reply

Based on the foregoing, defendants respectfully requests that the Court approve the briefing schedule proposed above.

Thank you for your consideration of this request.

Respectfully submitted,

Daniel Chiu

cc:     Brian Burke, *pro se* (via First-Class Mail)