FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 03, 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRIAN BURKE,

                Plaintiff,           MEMORANDUM & ORDER
                                              15-CV-1481 (ENV)(LB)

    -against-

NEW YORK CITY TRANSIT AUTHORITY; NYP
HOLDINGS, INC.; KRISTEN NOLAN, ESQ.;
LEONARD AKSELROD; KATHIANNE BONIELLO;
and JOHN/JANE DOE, *et al.*,

                Defendants.
------------------------------------------------------------------x
Vitaliano, D.J.

       On March 20, 2015, plaintiff Brian Burke, *pro se*, filed this action against the New York City Transit Authority ("NYCTA") alleging a laundry list of violations of federal and state law. The claims ranged from those alleged under the PATRIOT Act to others under New York's Civil Service Law. Burke later amended his complaint to add defamation claims against New York Post Holdings, Inc. (the "*Post*") and reporter Kathianne Boniello (collectively, the "*Post* defendants").[1] On September 23, 2016, the Court granted motions to dismiss filed by both the NYCTA defendants and the *Post* defendants, but granted Burke leave to "amend his complaint a second time [*i.e.*, to file a Second Amended Complaint] as to NYCTA with respect to his discrimination and retaliation claims, excluding claims that are time-barred or that otherwise cannot be properly pleaded as outline in [that] Memorandum & Order."[2] Mem. & Order, Dkt.

---

[1] In that same amendment, Burke also added Leonard Akselrod and Kristen Nolan as defendants (collectively, with the NYCTA, "the NYCTA defendants"). See Am. Compl., Dkt. No. 7.

[2] Burke has since filed a Second Amended Complaint. See SAC, Dkt. No. 31. Defendants intend to move to dismiss the Second Amended Complaint in accordance with the briefing schedule adopted by the Court on January 25, 2017. See 1/25/2017 Order.



No. 28, at 14-15. Burke now moves for reconsideration of that decision pursuant to Local Rule 6.3. *See* Mot. for Recon., Dkt. No. 30. For the reasons that follow, the motion is denied.

### Discussion

Familiarity with the underlying facts, allegations, and reasoning as set forth in the Court's September 23, 2016 Memorandum & Order is presumed.

In order to prevail on a motion for reconsideration, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citation omitted). A motion for reconsideration is not an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Burke has failed to demonstrate that the Court overlooked any "fact of consequence or controlling legal authority at the time the court decided" the original motion. *Lichtenberg*, 28 F. App'x at 75. He merely restates facts and arguments already set forth in his amended complaint, Dkt. No. 7, and in his oppositions to defendants' motions to dismiss, Dkt. Nos. 9 & 23-8, *i.e.*, matters already reviewed by the Court. For example, in his motion for reconsideration, plaintiff asks the Court to "review the 30 pages of case law quoted in" his opposition to the *Post*'s motion to dismiss, which the Court has already considered in composing its September 23, 2016 Memorandum & Order. *See* Mot. for Recon. at 10. "In short, plaintiff's arguments amount to

nothing more than a 'disagreement between an understandably disappointed litigant and the court.'" *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001) (citation omitted).

At times, Burke also offers new factual assertions, which is, of course, impermissible on a motion for reconsideration. *Davidson*, 172 F. Supp. 2d at 461 ("A motion for reconsideration may not be used to advance new facts . . . .") (citing *Shrader*, 70 F.3d at 257). For example, Burke attaches what he characterizes as a "receipt" from NYCTA. *See* Mot. for Recon at 8, 43. Even assuming its relevance, a motion for reconsideration is not a proper vehicle for this evidence, given that "submission of new evidence is precluded" in that circumstance. *Davidson*, 172 F. Supp. 2d at 463.

### Conclusion

For the foregoing reasons, the motion for reconsideration is denied.

Although plaintiff paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
January 30, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge